Form To Be used By a prisoner in Filing a Civil Rights Complaint

IN the United States District court
For the Middle District of pennsylvania

Caleb, Guerrier
(Name of Plaintiff)

3:19cv2216
(Case Number)

Lackawanna county prison
371 North Washington Ave.
Scranton, PA 18509
(Address)

CIVIL COMPLAINT

FILED
SCRANTON
DEC 27 2019
PER ___KP___
DEPUTY CLERK

(Each named party must be numbered
and all names must be printed or typed)
VS.

1 Samuel Desimone
2 Neil Murphy
3 Stefanie J. Salavantis
4 Samuel M. Sanguedolce
5 Nanda Humar Palissery
6 Andrew Joesph Katsock III
7 Paul P. Ackourey, Esquire

8 Mark G. Stefanowicz

This case has been a Luzerne County
Case Docket # BN-8010813T

ach Name Party Must be numbered,

(Each named party must be numbered,
and all names must be printed or typed)

TO Be FILED UNDER:
_____ 42 U.S.C § 1983 - State OFFICIALS
___✓___ 28 U.S.C § 1331 - FEDERal OFFICIALS

# I. Previous Lawsuits

A. If you have filed any other lawsuits in Fedreal Court While a prisoner, please list the caption and Case number including year, as Well as the name of the judicial officer to Whom it Whom it Was assigned

In the Court of Common Pleas of _____ County
Plaintiff
v.                of the                                     Civil Action-Law
Commonwealth of PA    **Complaint**

## Introduction

1.) _____ ("Plaintiff") brings this civil action against _____ under the authority of 18 Pa. C.S.A. §5725 for violations of the Pennsylvania "Wiretapping & Electronic Surveillance Act ("Wiretap Act") committed by DEFENDANTS against PLAINTIFF(S).

## Legislative Authorization for Cause of Action

Pursuant to 18 Pa. C.S.A. §5725 a cause of action lies with any person whose wire, electronic, or oral communications is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication; and shall be entitled to recover from any such person:

(1.) Actual damages, but not less than liquidated damages computed at the rate of $100 a day for each day of violation, or $1,000, whichever is higher.

(2.) Punitive damages

(3.) A reasonable attorney's fee and other litigation costs reasonably incurred.

**Pursuant to 18 Pa. C.S.A. §5725 (a-b)**

## Jurisdiction

2.) The Court of Common Pleas shall have unlimited jurisdiction of all actions & proceedings, including all actions & proceedings, including all actions & proceedings heretofore cognizable by law or usage of the Court of Common Pleas. 42 Pa. C.S.A. §931.

## Venue

3.) The Court of Common Pleas of Luzerne County is the proper venue for this action because it is where the individual may be served or in which the cause for action arose or where a transaction or occurance took place out of which the cause of action arose. Pa. R. Civ. P. Rule 1006(A)(1)

## Plaintiff

4.) The Plaintiff Samuel Desimone & pursuant to 18 Pa. C.S.A. § 5702 is the aggreived person that has incurred injury in this matter.

## Defendant

5.) The Defendant is Samuel Desimone Badge No. A-469, Wiretap Certification employed at the Luzerne County District Attorney's Office, & pursuant to the Wiretap Act is the person whom violated provisions under the Wiretap Act that he caused Plaintiff injury AND is being sued in his official & his individual capacity

## Facts giving rise to cause of Action

7.) On 11-13-2013 Defendant allegedly met with the CI & began to investigate alleged narcotics sales in the city of Wilkes-Barre. Allegedly the CI stated that s/he could contact the Plaintiff by calling cellular phone number: 570-472-7590

8.) The Officer at hand working on this case had the CI consensuilized by Desimone for the purpose of having his or her phone conversations intercepted & recorded between Plaintiff & CI

9.) On 11-13-2013, Defendant alledgedly met with the CI & begun to intercept phone conversations between CI & Plaintiff.

10.) The facts provided in paragraphs (7) through (9) were personally intercepted & provided by Defendant DeSimone by & through a sworn affadavit

11.) Intercepting wire, electronic, or oral communications by goverment officials is proscribed by the law of this Commonwealth of Pennsylvania except under very controlled conditions of which are outlined under statutory law.

12.) Under 18 C.P.S.A §5704 (2)(ii) Defendant Desimone could have lawfully intercepted, procured, or authorized another to do so if the following conditions were met:
A.) Articuable reasonable grounds being established based on suspected activity;
B.) One of the parties to the communication has given prior consent to interception.
C.) Attorney General, DA, or the assistant DA has reviewed the facts surronding.
D.) Attorney General, DA, or the assistant DA has ~~reviewed the fact~~ is satisfied consent is voluntary.

E.) Attorney General, DA, or the assistant DA is satisfied & has given prior approval for in writing for the interception.

13.) The aforementioned conjunctive conditions in sum were not satisfied prior to the time when Defendant Desimone iniated & carried out an interception on Plaintiffs wire & oral communications.

14.) Defendant Desimone produced a document called "Memorandum of Consent" purporting the articulated reasonable grounds for conducting a wire, oral, or electronic interception.

15.) The "Memorandum of Consent" was not signed by an Attorney General, DA, or Assistant DA which would violate the second investigation and would be considered procedural error, violating Pa.C.S.A §5701, et. seq. which is nearly Identical to Title III

16.) Clearly, the statutory requisite of articuable reasonable grounds was not established on suspected criminal activity as a condition & prior to interception.

17.) Defendant Desimone, in conducting a wire & oral & electronic interception on Plaintiff's communications did not conduct a wire, oral, & electronic interception properly or legally when they did not obtain the proper approval & signature(s) from the proper authority pursuant to Pa. C.S.A 5701-5704 to intercept a wire, oral, & electronic communication originating from Plaintiff.

## Cause of Action

Count 1: The Memorandum of Consent dated 11-7-13 was not signed by an Attorney General, DA, or Assistant DA which violated Pa. C.S.A § 5701-5704 & Title III making the wiretap an illegal search & seizure which in turn violates my Constitutional Rights & the 4th Amendment. (See exibhit "A")

## Prayer of Relief

1.) Plaintiff seeks the actual statutory amount of $1400 for the count assessed against the Defendant Desimone.

2.) Plaintiff seeks punitive damages in the amount of 17 million for each count (1) assessed against the Defendant Desimone.

3.) Plaintiff prays that this Honorable Court pelude Defendant Desimone from raising an "immunity" defense of any type of under Title 42, Chapter 85, as immunity for the causes of action brought under this action is subject to automatic statutory waiver pursuant to 18 Pa. C.S.A. § 5725(b).

4.) Plaintiff seeks further permission from this court to amend this complaint, if information for such amendment becomes available & is appropriate under the circumstances. **Wherefore**, Plaintiff, Caleb Guerrier, pray that this Court grant all relief sought by him do to the unlawful, knowing, intentional, & malicious acts of the Defendants, Samuel Desimone & any additional relief that this Court may deem approiate & just under the circumstances. Furthermore, Plaintiff, Caleb Guerrier respectfully requests that this Honorable Court allow this action to proceed on it's merits.

Respectfully Submitted:
Caleb Guerrier
Lackawanna County Prison
1371 N. Washington Ave.
Scranton, PA 18509

CC:

## Prayer of Relief Cont.

5.) Plaintiff seeks all dues because of emotional damage, loss of family, loss of home & health as well as automobiles & property.

FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) __Caleb Guerrier__
(Name of Plaintiff)   (Inmate Number)

__Lackawanna County Prison 1371 N. Washington Ave.__
(Address)

(2) _____
(Name of Plaintiff)   (Inmate Number)

_____
(Address)

_____
(Case Number)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

CIVIL COMPLAINT

(1) __See Attached__

(2) _____

(3) _____
(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

TO BE FILED UNDER: _____ 42 U.S.C. § 1983 - STATE OFFICIALS
                     __✓__ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.   PREVIOUS LAWSUITS

   A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

        __No__
        _____
        _____
        _____
        _____

1

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

  A.  Is there a prisoner grievance procedure available at your present institution? ___Yes ___No

  B.  Have you fully exhausted your available administrative remedies regarding each of your present claims? ___Yes ___No

  C.  If your answer to "B" is <u>Yes</u>:

  1. What steps did you take? _____

  _____

  2. What was the result? _____

  _____

  D.  If your answer to "B" is <u>No</u>, explain why not: _____

  _____

III. **DEFENDANTS**

  (1) Name of first defendant: Samuel Desimone
  Employed as officer at Pittston City PD
  Mailing address: _____
  (2) Name of second defendant: Nell Murphy
  Employed as Officer at Pittston City PA
  Mailing address: _____
  (3) Name of third defendant: _____
  Employed as _____ at _____
  Mailing address: _____
  (List any additional defendants, their employment, and addresses on extra sheets if necessary)

IV. **STATEMENT OF CLAIM**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

  1.  See attached

2

2. _____

3. _____

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. _____ See attatched _____

2. _____

3. _____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ~~December~~ *19th* day of __December__, 20_19_.

__Caleb Guerrir__
(Signature of Plaintiff)

Exihbit A

BN-9513

## MEMORANDUM OF CONSENT

Investigation # BN-8010813 T

I, _____, aged _____ years, do freely and voluntarily consent to the interception and recording by

Pittston City Police Department
NAME OF AGENCY

of any wire or oral communications I may have with Charles (LNU) and any others throughout the course of investigation
NAMES OF PROPOSED INTERCEPTEES

and others which may occur on or about  11/07/2013
DATE

I give my consent freely, voluntarily, and willingly without threats or coercion. I understand that my consent to these interceptions may be withdrawn at any time.

X _____
SIGNATURE OF CONSENTING PARTY

11-7-13               6:07pm
DATE                   TIME

WITNESSES:

_____    11/07/2013
SIGNATURE        DATE

_____    _____
SIGNATURE        DATE

62

Caleb Guerrier
Lackawanna County Prison
1371 North Washington Ave.
Scranton, PA 18509



RECEIVED
SCRANTON
DEC 27 2019
PER_____KP_____
DEPUTY CLERK

William J. Nealon Federal Building
and U.S. Courthouse
235 North Washington Ave.
P.O. Box 1148
Scranton, PA 18501-1148